# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### AUGUST SESSION, 1998

FILED

August 31, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9710-CR-00490 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. J. RANDALL WYATT |
| ANDRE CHAMBERLAIN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal) |

FOR THE APPELLANT:

ROBERT P. BALLINGER
601 Woodland Street
Nashville, TN 37206

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

VICTOR S. JOHNSON
District Attorney General

PAUL DEWITT
Assistant District Attorney
Suite 500, 222-2nd Avenue N.
Nashville, TN 37201-1649

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# OPINION

Appellant was convicted of one count of possession with intent to sell; two counts of aggravated assault; one count of disorderly conduct; one count of resisting arrest; and one count of evading arrest, from an incident where he walked away from police officers who approached the group in which he was standing. The trial court sentenced Appellant to a total of 40 years by running the possession and aggravated assault convictions consecutively. The remaining convictions were run concurrently. State v. Chamberlain, C.C.A. No. 01C01-9509-Cr-00304, Davidson County (Tenn. Crim. App., Nashville, October 17, 1996).

On appeal this Court ruled that the aggravated assault offenses were simple assaults, and remanded the assault portion of the case for resentencing. On remand, Appellant was sentenced to 11 months, 29 days at 100 percent for both assault convictions. The Court ran the two assault sentences consecutive to each other and to the 20 year sentence for the sale of cocaine.

After a review of the record, we affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

On appeal, Appellant contends his simple assault convictions should not run consecutively to each other and to the 20 year sentence for the sale of cocaine.

The trial court correctly ordered the sentences to run consecutively since this Court ruled in the initial appeal that Appellant's consecutive sentences were properly imposed. <u>Chamberlain</u>, C.C.A.No. 01C01-9509-Cr-00304 slip op at 5-6 This holding is the law of this case.

Accordingly, we affirm the trial court's judgment pursuant to Court of Criminal Appeals Rule 20.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JOHN K. BYERS, SENIOR JUDGE